# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| MELVIN CORNELIUS III, *on behalf of himself and others similarly situated*, <br><br> Plaintiff, <br><br> v. <br><br> DEERE CREDIT SERVICES, INC. <br><br> Defendant. | Civil Case No.: <br><br> CLASS ACTION COMPLAINT <br><br> JURY TRIAL DEMANDED |

**Nature of this Action**

1. Melvin Cornelius III ("Plaintiff") brings this class action against Deere Credit Services, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls it places to telephone numbers assigned to a cellular telephone service, without prior express consent.

3. More specifically, upon information and good faith belief, Defendant routinely uses an artificial or prerecorded voice in connection with non-emergency calls it places to wrong or reassigned cellular telephone numbers.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

5. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

6. For example, Defendant directed artificial or prerecorded voice messages to Plaintiff's cellular telephone in this district, and Plaintiff received Defendant's artificial or prerecorded voice messages in this district.

## Parties

7. Plaintiff is a natural person who resides in this District.

8. Plaintiff is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

9. Defendant is a Delaware Corporation with its principal place of business in Iowa.

10. Defendant is, and at all relevant times was, a "person" as defined by 47 U.S.C. § 153(39).

## Factual Allegations

11. Plaintiff is, and has been for more than one year, the subscriber to and customary user of cellular telephone number (770) XXX-4706.

12. Plaintiff has no other phone numbers.

13. In November 2023, Defendant began placing calls to telephone number (770) XXX-4706 intending to reach someone other than, and unknown to, Plaintiff.

14. Plaintiff received at least 17 such calls between November 2023 and January 2024.

15. Defendant used an artificial or prerecorded voice in connection with the calls it placed to telephone number (770) XXX-4706.

16. For example, on at least one occasion Defendant placed a call to telephone number (770) XXX-4706 and delivered the following artificial or prerecorded voice message:

> This is an important message from Deere Credit Services, Inc., but you may know us as John Deere, for Jamie Draughty (phonetic). Please visit us at myfinancialaccount.deere.com. Or, contact us toll free at 800-430-7521. Again, that's 800-430-7521. Thank you.

17. Defendant's messages used different voices and tones at different parts.

18. Plaintiff did not finance any John Deere equipment and has no known association with anyone who did.

19. Many of Defendant's calls were placed from (800) 430-7521.

20. NoMoRobo, which won the FTC's competition for tracking robocalls, has reported that number as a "robocaller" and associated with "John Deere." https://www.nomorobo.com/lookup/800-430-7521. (Last visited January 31, 2024).

21. On a number of occasions Plaintiff answered calls from Defendant and listened to an artificial or prerecorded voice message that Defendant delivered.

22. When Plaintiff answered Defendant's calls, a generic message would play without a live human on the line.

23. Defendant's prerecorded messages were generic and identical.

24. Given the generic nature of the messages, the content of the messages, the varying voices and tones used in the messages, the number of identical messages delivered, the messages Defendant delivered to telephone number (770) XXX-4706 were artificial or prerecorded in nature.

25. On or about November 26, 2023, Plaintiff informed the Defendant that it was calling the wrong person.

26. Defendant, however, continued to place calls, in connection with which it used an artificial or prerecorded voice, to telephone number (770) XXX-4706.

27. Defendant placed the subject calls to telephone number (770) XXX-4706 in an effort to reach a third party not related to Plaintiff in any personal or professional manner.

28. Plaintiff does not know the person Defendant intended to reach by placing the subject calls to telephone number (770) XXX-4706.

29. Plaintiff is not Jamie Draughty and does not know any person by that name.

30. Plaintiff does not have, nor did he have, an account with Defendant.

31. Plaintiff is not, nor was, a customer of Defendant.

32. Plaintiff does not, nor did, owe anything to Defendant.

33. Plaintiff did not provide telephone number (770) XXX-4706 to Defendant.

34. Plaintiff did not provide Defendant with consent to place calls, in connection with which it used an artificial or prerecorded voice, to telephone number (770) XXX-4706.

35. Defendant placed the subject calls to telephone number (770) XXX-4706 voluntarily.

36. Defendant placed the subject calls to telephone number (770) XXX-4706 under its own free will.

37. Defendant had knowledge that it was using an artificial or prerecorded voice in connection with the subject calls it placed to telephone number t (770) XXX-4706

38. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls it places to telephone numbers assigned to a cellular telephone service, absent prior express consent.

## Class Action Allegations

39. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class and subclass:

*Class*: All persons throughout the United States (1) to whom Deere Credit Services, Inc. placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a Deere Credit Services, Inc. customer, accountholder, or authorized user, (3) in connection with which Deere Credit Services, Inc. used an artificial or prerecorded voice, (4) from four years prior to the filing of this complaint through the date of class certification.

*Subclass*: All persons throughout the United States (1) to whom Deere Credit Services, Inc. placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a Deere Credit Services, Inc. customer, accountholder, or authorized user, (3) in connection with which Deere Credit Services, Inc. used an artificial or prerecorded voice, (4) after the called party informed Deere Credit Services, Inc. that the telephone number it called was a wrong or reassigned telephone number, or instructed Deere Credit Services, Inc. to stop placing calls to the telephone number, (5) from four years prior to the filing of this complaint through the date of class certification.

40. Excluded from the class and subclass are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

41. Upon information and belief, the members of the class and subclass are so numerous that joinder of all of them is impracticable.

42. The exact number of the members of the class and subclass are

unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

43. The members of the class and subclass are ascertainable because they are defined by reference to objective criteria.

44. In addition, the members of the class and subclass are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

45. Plaintiff's claims are typical of the claims of the members of the class and subclass.

46. As it did for all members of the class and subclass, Defendant placed calls to Plaintiff's cellular telephone number in connection with which it used an artificial or prerecorded voice.

47. Plaintiff's claims, and the claims of the members of the class and subclass, originate from the same conduct, practice, and procedure on the part of Defendant.

48. Plaintiff's claims are based on the same theories as the claims of the members of the class and subclass.

49. Plaintiff suffered the same injuries as the members of the class and subclass.

50. Plaintiff will fairly and adequately protect the interests of the members

of the class and subclass.

51. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class and subclass.

52. Plaintiff will vigorously pursue the claims of the members of the class and subclass.

53. Plaintiff has retained counsel experienced and competent in class action litigation.

54. Plaintiff's counsel will vigorously pursue this matter.

55. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class and subclass.

56. The questions of law and fact common to the members of the class and subclass predominate over questions that may affect individual members of the class and subclass.

57. Issues of law and fact common to all members of the class and subclass include:

    a. Defendant's violations of the TCPA;

    b. Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;

    c. Defendant's conduct, pattern, and practice as it pertains to placing calls with an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers;

    d. Defendant's use of an artificial or prerecorded voice; and

    e. The availability of statutory penalties.

58. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

59. If brought and prosecuted individually, the claims of the members of the class and subclass would require proof of the same material and substantive facts.

60. The pursuit of separate actions by individual members of the class and subclass would, as a practical matter, be dispositive of the interests of other members of the class and subclass, and could substantially impair or impede their ability to protect their interests.

61. The pursuit of separate actions by individual members of the class and subclass could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

62. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights within the class and subclass.

63. The damages suffered by individual members of the class and subclass may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class and subclass to redress the wrongs done to them.

64. The pursuit of Plaintiff's claims, and the claims of the members of the class and subclass, in one forum will achieve efficiency and promote judicial economy.

65. There will be little difficulty in the management of this action as a class action.

66. Defendant has acted or refused to act on grounds generally applicable to the members of the class and subclass, making final declaratory or injunctive relief appropriate.

## Count I
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)

67. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-66.

68. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the class and subclass, without consent.

69. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the class and subclass are entitled to damages in an amount to be proven at trial.

## Prayer for Relief

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a representative of the class and subclass under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as counsel for the class and subclass under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the class and subclass, in connection with which it uses an artificial or prerecorded voice;

f) Awarding Plaintiff and the members of the class and subclass damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the members of the class and subclass treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the class and subclass reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class and subclass any pre-judgment and post-judgment interest as may be allowed under the law; and

j) Awarding such other and further relief as the Court may deem just and proper.

**Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Date: February 1, 2024

/s/Steven H. Koval
Steven H. Koval
Ga. Bar No. 428905
The Koval Firm, LLC
3575 Piedmont Rd., NE
15 Piedmont Center, Suite 120
Atlanta, GA 30305
Tel: (404) 513-6651
Steve@KovalFirm.com

Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com
*Subject to Pro Hac Vice*

Michael L. Greenwald
Greenwald Davidson Radbil PLLC
5550 Glades Road, Suite 550
Boca Raton, Florida 33431
Tel: (561) 826-5477
mgreenwald@gdrlawfirm.com
*Subject to Pro Hac Vice*

*Counsel for Plaintiff and the proposed class and subclass*