UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| MELVIN CORNELIUS, on behalf of himself and others similarly situated, | Case No.: 4:24-cv-25-RSB-CLR |
| Plaintiff, | |
| v. | |
| DEERE CREDIT SERVICES, INC., | |
| Defendant. | |

**FINAL APPROVAL ORDER AND JUDGMENT**

On February 12, 2025, this Court heard the Consent Motion for Final Approval of Class Action Settlement, (doc. 33), and the unopposed Motion for Attorney's Fees and Expenses filed by Class Counsel, (doc. 30; see also doc. 31).[1] This Court reviewed: (a) the motions and the supporting papers, including the Settlement Agreement and Release ("Settlement Agreement"); and (b) counsel's arguments. Based on this review and the findings below, the Court found good cause to **GRANT** both motions, (docs 30, 33).

**FINDINGS:**

Upon review of the record, the Court hereby finds that the Settlement Agreement is, in all respects, fair, adequate, and reasonable and therefore approves it. The Eleventh Circuit Court of Appeals has identified six factors to be considered in analyzing the fairness of a class action settlement under Rule 23(e): "(1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance

---

[1] Capitalized terms in this Order, unless otherwise defined, have the same definitions as those terms in the Settlement Agreement. See ECF Nos. 25-1, 28-1.

and amount of opposition to the settlement; and (6) the stage of the proceedings at which the settlement was achieved." *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984); *see also Leverso v. SouthTrust Bank of AL., N.A.*, 18 F.3d 1527, 1530 (11th Cir. 1994).

Rule 23(e) likewise requires a court to consider several additional factors, including that the class representative and class counsel have adequately represented the class, and that the settlement treats class members equitably relative to one another. Fed. R. Civ. P. 23(e). Each relevant factor supports the conclusion that the settlement is fundamentally fair, adequate, and reasonable, and should be approved.

Among other matters considered, the Court took into account: (a) the complexity of Plaintiff's theory of liability under the Telephone Consumer Protection Act ("TCPA"); (b) the arguments raised by Deere Credit Services, Inc. ("DCSI") in its pleadings that could potentially preclude or reduce the recovery by Settlement Class Members; (c) delays in any award to the Settlement Class that would occur due to further litigation and appellate proceedings; (d) the relief provided to the Settlement Class, and how it compares to other TCPA class action settlements that have been approved<u>; and</u> (e) the recommendation of the Settlement Agreement by counsel for the parties.

The Court also considered the lack of objectors to the Settlement Agreement and the lack of exclusion requests, demonstrating that the Settlement Class has a universally positive reaction to the settlement. *See Lee v. Ocwen Loan Servicing, LLC*, No. 14-60649, 2015 WL 5449813, at *5 (S.D. Fla. Sept. 14, 2015) ("Obviously, a low number of objections suggests that the settlement is reasonable, while a high number of objections would provide a basis for finding that the settlement was unreasonable.").

The Court also finds that extensive arm's-length negotiations have taken place, in good faith, between Settlement Class Counsel and DCSI's counsel resulting in the Settlement Agreement. These negotiations were presided over by an experienced mediator, underscoring the fairness of the settlement reached. *See James v. JPMorgan Chase Bank, N.A.*, No. 8:15-cv-2424-T-23JSS, 2016 WL 6908118, at *2 (M.D. Fla. Nov. 22, 2016) ("No indication appears that the settlement resulted from collusion. Rather, the parties settled with the assistance of [a] court-appointed mediator[.]")

The Settlement Agreement provides substantial value to the Settlement Class in the form of considerable cash payments to each participating Settlement Class Member. The recoveries here compare very favorably to other approved TCPA class action settlements and underscore the fairness and adequacy of the settlement. *See, e.g.*, *Lalli v. First Team Real Estate—Orange Cty.*, No. 8:20-cv-27-JWH, ADS, 2022 WL 8207530, at *12 (C.D. Cal. Sept. 6, 2022) (finding $110 per-class-member recovery to be "a strong result"); *James*, 2016 WL 6908118, at *2 ("Discounting the statutory award by the probability that Chase successfully defends some class members' claims, a recovery of $50 per person fairly resolves this action.") (citing *In re Capital One Tel. Consumer Prot. Act Litig.*, 80 F. Supp. 3d 781, 789 (N.D. Ill. 2015) (finding that $34.60 per person falls "within the range of recoveries" in a TCPA class action)).

In addition, because each participating Settlement Class Member will receive the same recovery, the settlement treats class members equitably relative to one another. *See Vu v. I Care Credit, LLC*, No. 17-cv-04609 RAO, 2022 WL 22871480, at *11 (C.D. Cal. Nov. 4, 2022) ("Here, each member had to submit the same claim form to receive a distribution from the settlement fund and each member who submitted a claim form will receive an equal distribution. As the class members' TCPA claims are based on the same fax advertisements, equal distributions are fair.").

Notice was provided to Class Members in compliance with the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure. (See doc. 32.) The notice: (i) fully and accurately informed Settlement Class Members about the lawsuit and settlement; (ii) provided sufficient information so that Settlement Class Members could decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the settlement; (iii) provided procedures for Settlement Class Members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (iv) provided the time, date, and place of the final fairness hearing.

Notice was sent to persons identified as a result of reverse look ups performed on potentially affected cellular telephone numbers. This method of identifying class members is reliable and constitutes industry standard best practices in wrong number class actions under the TCPA. *See, e.g.*, *Bonoan v. Adobe, Inc.*, No. 3:19-cv-01068-RS, 2020 WL 6018934, at *2 (N.D. Cal. Oct. 9, 2020).

Notice was provided pursuant to 28 U.S.C. § 1715(b), and the notice complies with the requirements of 28 U.S.C. § 1715(b).

Plaintiff and Settlement Class Counsel have fairly and adequately protected the Settlement Class's interests, and the parties have adequately performed their obligations under the Settlement Agreement.

The Court further finds that Class Counsel—Michael L. Greenwald of Greenwald Davidson Radbil PLLC, Anthony I. Paronich of Paronich Law, P.C., and Steven H. Koval of The Koval Firm, LLC—have zealously represented the interests of the Settlement Class. Because of Class Counsel's considerable efforts, Settlement Class Members will receive meaningful payments well in excess of most approved TCPA class action settlements.

For the reasons stated in the Preliminary Approval Order, this Court finds and determines that the proposed Class, as defined below, meets all of the legal requirements for class certification, for settlement purposes only, under Federal Rule of Civil Procedure 23(a) and (b)(3). *See, e.g.*, *Samson v. United Healthcare Servs. Inc.*, No. 2:19-cv-00175, 2023 WL 6793973 (W.D. Wash. Oct. 13, 2023) (certifying a "wrong number" TCPA class over objection); *Head v. Citibank, N.A.*, 340 F.R.D. 145 (D. Ariz. 2022) (same); *Wesley v. Snap Fin. LLC*, 339 F.R.D. 277 (D. Utah 2021) (same); *Knapper v. Cox Commc'ns, Inc.*, 329 F.R.D. 238 (D. Ariz. 2019) (same).

The Court awards one-third of the Settlement Fund for Attorneys' Fees ($500,000.00) and the reimbursement of $7,255.82 in litigation costs and expenses to Settlement Class Counsel. The Court finds these awards to be fair and reasonable in light of the nature of this case, Settlement Class Counsel's experience and efforts in prosecuting this Action, and the benefits obtained for the Settlement Class. The Court has carefully considered each relevant factor in determining these awards. *See, e.g.*, *Chapman v. America's Lift Chairs, LLC*, No. 21-cv-245 (S.D. Ga.) (Baker, J.) (approving fee amounting to one-third of settlement fund in TCPA case); *Hanley v. Tampa Bay Sports & Entm't Ltd. Liab. Co.*, No. 8:19-CV-00550-CEH-CPT, 2020 WL 2517766, at *6 (M.D. Fla. Apr. 23, 2020) (collecting cases and stating that "district courts in the Eleventh Circuit routinely approve fee awards of one-third of the common settlement fund" and approving fees of more than one-third of a TCPA settlement fund); *accord Head v. Citibank, N.A.*, No. 18-cv-08189, 2025 WL 226660, at *4 (D. Ariz. Jan. 15, 2025) (approving fee of one-third of settlement fund in wrong-number TCPA class action).

Plaintiff will receive $5,000 in exchange for providing general release in favor of DCSI. This general release payment is fair and reasonable in light of the rights Plaintiff gave up as a result of the release he provided to DCSI. *See Sinkfield v. Persolve Recoveries, LLC*, No. 23-cv-80338,

2023 WL 511195, at *3 n.2 (S.D. Fla. Jan. 26, 2023) (approving separate payment to class representative "in exchange for a broader release of claims than the release the other Class Members have given").

The Settlement Administrator shall be paid from the Settlement Fund for its reasonable fees and costs associated with the provision of notice to the Settlement Class and administering the Settlement.

**IT IS ORDERED THAT:**

1. **Class Members.** The Settlement Class is certified as "all persons throughout the United States (1) to whom Deere Credit Services, Inc. placed a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a Deere Credit Services, Inc. customer or accountholder, (3) in connection with which Deere Credit Services, Inc. used an artificial or prerecorded voice, (4) from February 2, 2020 through June 25, 2024."

2. **Binding Effect of Order.** This Order applies to all claims or causes of action settled under the Settlement Agreement and binds all Settlement Class Members.

3. **Release.** Plaintiff and all Settlement Class Members are: (1) deemed to have released and discharged DCSI from all claims released under the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims. The full terms of the release described in this paragraph are set forth in the Settlement Agreement and are specifically incorporated herein by this reference.

4. **Class Relief.** DCSI previously provided the Settlement Fund to the Settlement Administrator according to the terms and timeline stated in the Settlement Agreement. The Settlement Administrator is further directed to issue payments to each Settlement Class Member

who submitted a valid and timely Claim Form (i.e., each Authorized Claimant) according to the terms and timeline stated in the Settlement Agreement.

5. **Cy Pres Distribution.** Pursuant to the Settlement Agreement, any unpaid portion of the Settlement Fund shall be paid to National Consumer Law Center.

6. **Miscellaneous.** No person or entity shall have any claim against DCSI, DCSI's counsel, Plaintiff, the Settlement Class Members, Settlement Class Counsel, or the Settlement Administrator based on distributions and payments made in accordance with the Agreement.

7. **Court's Jurisdiction**. Pursuant to the parties' request, the Court will retain jurisdiction over this Action and the parties for all purposes related to this settlement.

Accordingly, the Court **GRANTS** the pending motions, (docs. 30, 33), **DISMISSES** this action **WITH PREJUDICE**, and **DIRECTS** the Clerk of Court to **CLOSE** this case.

**SO ORDERED**, this 13th day of February, 2025.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA